UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) | |
| Plaintiff, | ) | |
| | ) | No. 1:26-cv-1788 |
| v. | ) | |
| | ) | |
| | ) | Honorable Paul L. Maloney |
| TALLMADGE II, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

This is a contract dispute between Plaintiff, Federal National Mortgage Association ("Fannie Mae"), and Defendant related to a mortgage. Plaintiff earlier moved for a temporary restraining order ("TRO"), a preliminary injunction, and for an order appointing a receiver. (ECF No. 2). The Court denied the motion insofar as it sought a TRO on procedural grounds, (ECF No. 5), and ordered an expedited briefing schedule, giving Defendant fourteen days after it was served to respond to the motion. Since then, Defendant was served. (ECF No. 9). Its deadline to respond to the motion for a preliminary injunction was July 1, 2026. Plaintiff filed a renewed motion for preliminary relief the day after Defendant was served, (ECF No. 10), and included new facts in its brief supporting the motion, (ECF No. 11). The Court granted the renewed motion to the extent it sought a TRO and clarified that Defendant's deadline to respond remained unchanged. (ECF No. 12). The Court now considers Plaintiff's request for a preliminary injunction.

1

Defendant failed to file a written response to either the original motion or the renewed motion. The Court thus considers Plaintiff's motion on the record currently before it and finds that Plaintiff has met its burden. The record establishes that Plaintiff is very likely to succeed on the merits and the public interest factors tilt heavily in its favor: Defendant consented to the appointment of a receiver and appointing a receiver is likely to abate a serious public health problem stemming from the water and sewage problems on the subject property. Plaintiff also presents sufficient evidence suggesting the issues around the property create the risk of irreversible harm to its interests, so its motion will be granted.

## I.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs seeking a preliminary injunction must demonstrate that they are likely to succeed on the merits, they are likely to suffer irreparable harm absent the injunction, the balance of equities favors them, and the injunction is in the public interest. *Stryker Emp. Co. v. Abbas*, 60 F.4th 372, 385 (6th Cir. 2023) (citing *Winter*, 555 U.S. at 20). These are factors, not elements, though a slim enough chance of success on the merits is fatal on its own, *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000), and "while the extent of an injury may be balanced against other factors, the existence of an irreparable injury is mandatory," *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citation modified).

2

## II.

The property that is the subject of this dispute is a manufactured home community in Grand Rapids, Michigan. Plaintiff holds a mortgage on the property. (ECF No. 1 at PageID.7-9 ¶¶ 20-24). Defendant has defaulted on its obligations under the mortgage agreement by failing to make monthly payments since June 1, 2025. (*Id.* at PageID.9 ¶ 27). It also failed to maintain the property in good repair and marketable condition as required by its agreements with the lender. (*Id.* at PageID.9-10 ¶ 28). At present, half the homes in the subject community lack potable water. (*Id.* at PageID.10-11 ¶ 30). Tenants not only lack access to clean water, but their sewage systems have been backing up, creating heightened risks of serious disease. (ECF No. 11-2 at PageID.474-75 ¶ 5). Plaintiff informed Defendant of its default on its obligations in August of 2025. (ECF No.1 at PageID.10 ¶ 29). The agreements contain a provision wherein Defendant consented to the judicial appointment of a receiver, without notice, if it defaulted on its obligations. (*Id.* at PageID.5-6 ¶ 16). Defendant is "anticipating" that the Court will grant Plaintiff's motion "so that funding can be secured to make payment on the materials" to repair the water and sewage systems. (ECF No. 11-2 at PageID.476 ¶ 11).

## III.

### A. Appointment of a Receiver

Plaintiff's proposed order involves the appointment of a receiver over the subject property. Federal courts may appoint receivers in diversity cases under standards dictated by federal law. *Federal Nat. Mortg. Ass'n v. Maple Creek Gardens, LLC,* No. 09–14703, 2010 WL 374033, at *2 (E.D. Mich. Jan. 25, 2010) (citing *Nat7D P'ship Inv. Corp. v. Nat7D*

*Housing Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998)); *see also Gordon v. Washington*, 295 U.S. 30, 37 (1935) ("A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity."). Courts have considered an agreement to the appointment of a receiver to be dispositive, or at least very persuasive, evidence in favor of such appointment. *See, e.g., Maple Creek*, 2010 WL 374033, at *3; *WBMCT 2003-C9 Island Living, LLC v. Swan Creek Ltd.*, No. 14-cv-14243, 2015 WL 136225, at *2 (E.D. Mich. Jan. 9, 2015); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988). A receiver here would protect Plaintiff's valid claims and ensure effective management and operation of the property, preventing the diminution of its value. This suggests that even if the contractual agreement were not dispositive, appointment of a receiver is appropriate here. *See Maple Creek*, 2010 WL 374033, at *3 (discussing factors including "whether there is imminent danger of the property being . . . diminished in value" and whether plaintiff's interests sought to be protected will in fact be well-served by receivership"). Plaintiff has also introduced sufficient evidence that the proposed receiver, M. Shapiro, is experienced and more than competent to fulfill the purposes of the appointment. Having determined that appointing a receiver is appropriate, the Court now assesses whether it can do so through a preliminary injunction.

### B.  Preliminary Injunction Factors

As to the first factor, Plaintiff is likely to succeed on the merits. The record currently before the Court sufficiently establishes that Defendant has breached its commitments under the relevant agreements. The verified complaint establishes that Defendant has not only failed to make payments required by the contract but also failed to engage in maintenance as

required. This is further substantiated by documentary evidence beyond the verified complaint. (*See, e.g.,* ECF No. 11-2). And in the event of default, Defendant expressly consented to the appointment of a receiver. (ECF No. 1 at PageID.5-6 ¶ 16). Plaintiff is thus likely to succeed on its claim that it is entitled to the appointment of a receiver.

As to the second factor, Plaintiff will likely suffer irreparable harm. Defendant is failing to maintain the property to such an extent that there is an "imminent public health crisis." (ECF No. 11-2 at PageID.476 ¶ 13). Plaintiff alleges that mismanagement more broadly will harm both the tenants and the property itself. (ECF No. 1 at PageID.14 ¶¶ 38-39). "Committing waste on real property . . . is a classic example of irreversible damage." *EOG Res., Inc.*, 134 F.4th at 886. Historically, preliminary relief served to prevent damage to structures and other traditionally unique features of real property through the pendency of a case. *See id.* While some of Plaintiff's claimed harms, such as loss of rental income, would likely be compensable, structural damage from disrepair and mismanagement would not be. It is reasonable to infer that maintenance failures giving rise to a public health crisis are indicative of broader problems which could cause irreversible damage. The Court thus finds that at least some irreparable harm is likely absent an injunction.

Finally, the Court must weigh the balance of equities and the public interest. Granting the preliminary injunction is unlikely to harm anyone, as the record establishes that Defendant has lost any right to manage the subject property and the receiver will protect all parties' interests. Tenants are likely to suffer the effects of water system mismanagement absent an injunction. And "the public interest lies in enforcing contracts." *Stryker Emp. Co. v. Abbas*, 60 F.4th 372, 386 (6th Cir. 2023). On this record, each factor favors Plaintiff: it is

likely to succeed on the merits, has demonstrated a likelihood of some irreparable harm, and requests relief that is in the public interest and would not meaningfully prejudice Defendant's interests. Plaintiff's motion for a preliminary injunction will thus be granted.[1]

## C. Necessity of a Hearing

The Federal Rules "contemplate a hearing on the merits of a preliminary injunction even after the issuance of a TRO." *Total Quality Logistics, LLC v. Traffic Tech., Inc.*, Nos. 22-3148, 22-3377, 2023 WL 1777387, at *5 (6th Cir. Feb. 6, 2023) (citing Fed. R. Civ. P. 65(b)(3)). But that "hearing" need not take the form of an evidentiary hearing and oral argument. Instead, procedures which give "a fair opportunity to oppose the application and to prepare for such opposition" suffice. *Id.* (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007)). A "hearing embodies the right to be heard on the controverted facts, as well as upon the law." *Carpenters Dist. Council v. Cicci*, 261 F.2d 5, 8 (6th Cir. 1958). So if a defendant had notice of the motion for a preliminary injunction and a reasonable opportunity to present arguments and evidence against it, no "hearing" beyond written submissions is necessary. *See Total Quality Logistics, LLC*, 2023 WL 1777387, at *4-5 (holding that a district court abused its discretion by converting a TRO into a preliminary injunction without offering the parties a chance to brief the issue); *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 553.

---

[1] The Court must also consider the issue of security. Fed. R. Civ. P. 65(c). The Court finds security from Plaintiff unnecessary given the very high likelihood of Plaintiff's success on the merits, the low likelihood that the requested relief would prejudice Defendant's interests, and the unique nature of Plaintiff as a government-affiliated entity. *See id.* ("The United States, its officers, and its agencies are not required to give security.").

Here, Defendant had a reasonable opportunity to present arguments and evidence to oppose the motion for a preliminary injunction and had notice of it. Defendant was formally served on June 17, 2026. (ECF No. 9). Yet Defendant did not file a response to either the initial motion or the renewed motion, despite the Court's orders. Defendant's failure to avail itself of the opportunity to respond does not mean that opportunity did not exist. Under the circumstances, the Court finds an evidentiary hearing unnecessary and that the current record supports the granting of Plaintiff's motion.

## IV.

Plaintiff's motion for a preliminary injunction (ECF No. 10) is **GRANTED**. The Court's previous order granting the TRO and establishing the terms of the receivership (ECF No. 13) shall last through the pendency of this case or until further order of the Court.

**IT IS SO ORDERED**.

Date:  July 6, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge