**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established pursuant to 12 U.S.C. § 1716 *et seq*,<br><br>Plaintiff,<br><br>v.<br><br>TALLMADGE II, LLC, a Michigan limited liability company,<br><br>Defendant. | ) | No. 1:26-cv-01788 |

**STIPULATION TO ENTRY OF ORDER**
**ADMINISTRATIVELY STAYING CASE**[1]

Plaintiff Federal National Mortgage Association and Defendant Tallmadge II, LLC (the "Parties") submit this Stipulation and respectfully request that the Court enter the attached proposed order administratively staying the case. In support of this request, the Parties state as follows:

Plaintiff filed its Verified Complaint for Enforcement of Mortgage, Including Assignment of Rents, Appointment of Receiver and Other Relief on June

[1] In lieu of a Rule 26(f) report, the Parties submit this stipulation to address case management considerations.

5, 2026 (the "Complaint," at ECF No. 1), seeking to enforce the terms of its mortgage and the assignment of leases and rents, and for the appointment of a receiver over property located at 11630 14th Ave NW, Grand Rapids, Michigan 49534 (the "Property"). On June 18, 2026, Plaintiff filed a Renewed Motion for Appointment of Receiver and for Preliminary Relief (the "Receiver Motion," at ECF No. 10). On June 22, 2026, pursuant to the Receiver Motion, the Court entered an Order Appointing Receiver and Other Relief (the "Receiver Order," at ECF No. 13), taking exclusive jurisdiction over the Receivership Property and appointing M. Shapiro Real Estate Group as the Receiver (the "Receiver"). (*Id.*, at 2.) On July 6, 2026, the Court entered an Opinion and Order Granting Plaintiff's Motion for a Preliminary Injunction (ECF No. 14), ordering that the receivership continue through the pendency of the case.

Plaintiff has recorded a Statutory Notice of Default in Terms and Conditions of Mortgage ("Statutory Notice of Foreclosure"), and will enforce its rights accordingly. The Parties contemplate that the Receiver will continue to manage and preserve the Property in accordance with its duties set forth in the Receiver Order while the case is administratively stayed.

In the interest of judicial economy and efficiency, the Parties respectfully request that this Court administratively stay this case.

The Parties, through their undersigned counsel, hereby stipulate to entry of the attached Order Administratively Staying the Case.

**STIPULATED AND AGREED THIS 8TH DAY OF SEPTEMBER, 2026.**

Dated: September 8, 2026

*/s/ Shannon Y. Shin*
Ann Marie Uetz (P48922)
Tamar N. Dolcourt (P73425)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
*auetz@foley.com*
*tdolcourt@foley.com*

Jill Nicholson
Shannon Shin
**DENTONS US LLP**
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel: (312) 876-8000
*jill.nicholson@dentons.com*
*shannon.shin@dentons.com*

***Attorneys for Federal National Mortgage Association***

Respectfully submitted,

*/s/ H. Nathan Resnick*
H. Nathan Resnick (P42424)
**RESNICK LAW, PC**
4540 Rue Demers
West Bloomfield, MI 48323
Tel: (248) 642-5400
*hnresnick@resnicklaw.com*

***Attorney for Tallmadge II, LLC***

**CERTIFICATE OF SERVICE**

I, Shannon Y. Shin, an attorney, hereby certify that on September 8, 2026, I electronically filed this *Stipulation To Entry Of Order Administratively Staying Case* and this *Certificate of Service* with the Clerk of the Court using the ECF system, which will send notification of such filing to those registered persons/members of the Court's ECF system who are participants in these proceedings via electronic notice of this filing.

/s/ *Shannon Y. Shin*
Shannon Y. Shin

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established pursuant to 12 U.S.C. § 1716 *et seq*,<br><br>Plaintiff,<br><br>v.<br><br>TALLMADGE II, LLC, a Michigan limited liability company,<br><br>Defendant. | ) | No. 1:26-cv-01788 |

**ORDER ADMINISTRATIVELY STAYING CASE**

This matter is before the Court on the Parties' Stipulation to Entry of Order Administratively Staying Case (ECF No. __). On June 5, 2026, Plaintiff filed its Verified Complaint for Enforcement of Mortgage, Including Assignment of Rents, Appointment of Receiver and Other Relief (the "Complaint," at ECF No. 1), seeking to enforce the terms of its mortgage and the assignment of leases and rents, and for the appointment of a receiver over property located at 11630 14th Ave NW, Grand Rapids, Michigan 49534 (the "Property"). On June 18, 2026, Plaintiff filed a Renewed Motion for Appointment of Receiver and for Preliminary Relief (the "Receiver Motion," at ECF No. 10). On June 22, 2026, pursuant to the

Receiver Motion, the Court entered an Order Appointing Receiver and Other Relief (the "Receiver Order," at ECF No. 13), taking exclusive jurisdiction over the Receivership Property and appointing M. Shapiro Real Estate Group as the Receiver (the "Receiver"). (*Id.*, at 2.) On July 6, 2026, the Court entered an Opinion and Order Granting Plaintiff's Motion for a Preliminary Injunction (ECF No. 14), ordering that the receivership continue through the pendency of the case.

Plaintiff has recorded a Statutory Notice of Default in Terms and Conditions of Mortgage ("Statutory Notice of Foreclosure"), and will enforce its rights accordingly. The Parties contemplate that the Receiver will continue to manage and preserve the Property in accordance with its duties set forth in the Receiver Order while the case is administratively stayed.

The Parties therefore submit that there is good cause to administratively stay this case.

The Court is otherwise fully apprised in the premises:

**IT IS HEREBY ORDERED** that this case is placed into stay status pending further order of the Court.

**IT IS HEREBY FURTHER ORDERED** that, notwithstanding the foregoing, the Order Appointing Receiver and Other Relief dated June 22, 2026 (the "Receiver Order," at ECF No. 13) remains in full force and effect and

unmodified, and the Receiver shall perform his duties and responsibilities under the Receiver Order.

**IT IS HEREBY FURTHER ORDERED** that nothing in this Order shall prohibit the Parties from petitioning the Court for relief or direction as they deem necessary while this matter is stayed.

**IT IS HEREBY FURTHER ORDERED** that if this case has not been closed by June 30, 2027, the parties shall notify the Court of the need to schedule a status conference.

**IT IS SO ORDERED.**

Dated: September 14, 2026

/s/ Paul L. Maloney
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE